UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2499-B |
| | § | |
| OLIVER WILSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's Motion for Default Judgment (doc. 8), filed on September 3, 2015. For the following reasons, the Court **GRANTS** the Motion.

### I.

### BACKGROUND

Plaintiff, the United States of America (the "Government"), originally filed this lawsuit against Defendant Oliver Wilson on July 28, 2015. Doc. 1, Compl. The Government alleges that Defendant defaulted on his student loan payments and is therefore indebted to the United States for the principal and interest on that loan. *Id.* at 2. Defendant was served with the summons and complaint on August 6, 2015. Doc. 5, Aff. of Service. Despite being served, Defendant has neither submitted an answer nor otherwise made an appearance in this case. Accordingly, the Government requested an entry of default as to Defendant on September 3, 2015, which the Clerk of the Court entered on the same day. *See* Doc. 6, Req. for Clerk's Entry of Default; Doc. 7, Clerk's Entry of Default. Also on September 3, 2015, the Government filed a Motion for Default Judgment (doc. 8) against Defendant to recover the amount due on Defendant's loan, pre- and post-judgment interest,

and costs to which it is entitled. To date, Defendant has not made an appearance in this case.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis.[1] *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

---

[1] To obtain a default judgment in cases involving servicemembers, the plaintiff must also certify that the defendant is not serving in the military. 50 App. U.S.C. § 521(b)(1).

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying the three-part analysis detailed above, the Court concludes that the Government is entitled to a default judgment on its claim for unpaid debts against Defendant.

A.  *Default Judgment is Procedurally Warranted*

After reviewing the Government's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendant has not filed any

responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are "clearly established," as Defendant has not responded to the summons and complaint, the entry of default, or the Motion. *See generally J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that "[d]efault judgment is appropriate if defendants are 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by [the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment'" (quoting *Cumins Ins. Society, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C. Nov. 4, 2010))). Fourth, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the Government only seeks the relief to which it is entitled under Defendant's promissory notes, mitigating the harshness of a default judgment against Defendant. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.     *Default Judgment is Substantively Warranted*

In light of the entry of default, Defendant is deemed to have admitted the allegations set forth in the Government's Complaint. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for the Government's claim for relief. *Nishimatsu Constr.*, 515

F.2d at 1206. In conducting this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

To recover on its claim for unpaid debts, the Government must show that (1) it is the holder of Defendant's promissory note; (2) Defendant executed the note; and (3) the note is in default. *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at *1 (S.D. Tex. Nov. 23, 2007) (citing *F.D.I.C. v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992)).

Here, the Government's filings establish that default judgment against Defendant is substantively warranted. The Government's complaint and exhibits indicate that on or about August 8, 1988, Defendant executed one or more promissory notes to secure a loan under the Federal Family Education Loan Program from W.S.A., and that the U.S. Department of Education is the owner and holder of these notes. Compl. ¶ 5; Compl. Exh. A, Promissory Note. This loan was disbursed for $2,625.00, with interest accruing at eight percent per annum. Compl. ¶ 6. The Government avers that Defendant failed to make the necessary payments on the loan and is now in default on the loan obligation. *Id.* As of September 8, 2014, Defendant is indebted to the United States in the amount of $6,781.58, comprising principal and interest, with interest accruing at a rate of $0.51 per day. *Id.*

at ¶ 7; Compl. Exh. B, Certificate of Indebtedness.

After review, the Court concludes that these allegations are sufficient to provide Defendant with "fair notice" of its claims. The Court further determines that Defendant is not an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 *et seq.* Doc. 8-2, Decl. in Supp. of Default J. Accordingly, the Government is entitled to recover for any unpaid principal and interest on Defendant's loans.

C.  *The Government's Claim is for a Sum Certain*

Finally, the Court observes that the Government's claim is for a sum certain. The Government's records show that as of September 8, 2014, Defendant was indebted to the Government for $6,781.58, with interest accruing at $0.51 per day thereafter until the date of judgment. Compl. ¶ 7; Compl. Exh. B.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court concludes that the Government's Motion for Default Judgment (doc. 8) should be, and hereby is, **GRANTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the Government is entitled to the following relief:

1. $6,781.58 in unpaid indebtedness as of September 8, 2014;
2. $185.64 in pre-judgment interest, calculated at a rate of $0.51 per day from September 8, 2014 until the date of judgment;
3. Post-judgment interest at a rate of 0.33%;[2]

---

[2] Post-judgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. §

  4.  Costs of court.[3]


  SO ORDERED.

  Dated: September 8, 2015.

                _____
                JANE J. BOYLE
                UNITED STATES DISTRICT JUDGE

---

1961. The 1-year rate for the week ending July 31, 2015 (and thus effective August 3, 2015 through August 9, 2015) is 0.33%.

 [3] *See* Fed. R. Civ. P. 54(d)(1); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172–79 (2013) (holding the Federal Debt Collection Practices Act does not displace a district court's discretion to award costs under Fed. R. Civ. P. 54).